[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
The plaintiff seeks a protective order to prevent the defendant from inquiring into certain areas when her deposition is resumed. The deposition was commenced on August 9, 2002, but was not completed.
The plaintiff also seeks a protective order relieving her of the obligation to produce documents requested by way of a subpoena duces tecum.
The defendants assert that the information requested is within the scope of discovery given the issues raised in the plaintiffs complaint.
Scope of the litigation
The plaintiff alleges in her complaint that a psychiatrist, whom she had consulted because of neck pain, prescribed Oxycontin, and that the defendants directly provided her with large amounts of this pain-killing drug between April 1999, and September 2000. She alleges that she continued to take Oxycontin until January 2001. She alleges that she became addicted to the drug, became unable to work or to function in daily life, and was hospitalized for four months in a "drug and psychiatric treatment center" in order to "withdraw from the drug and receive psychiatric treatment." (Revised Complaint, para. 23.)
The plaintiff alleges that the defendants aggressively and misleadingly marketed Oxycontin through a program known as Partners in Pain, and that the defendants engaged in practices that led to inappropriate use of the drug without taking proper precautions or issuing appropriate warnings to patients and physicians. She brings suit under the Connecticut Product Liability Act.
The defendants have alleged in special defenses that the harm of which the plaintiff complains was caused "in whole or in part, by the actions or omissions of others for whose conduct [the defendant] is not CT Page 14147 responsible." The defendants do not allege the identity of the person (s) other than the plaintiff whose actions they assert to have caused the harm of which the plaintiff complains, and the plaintiff did not request revision of the special defenses. In their brief opposing the motion for protective order, the defendants assert that a psychiatrist who allegedly prescribed Oxycontin to the plaintiff was responsible.
Standard of review
 Practice Book § 13-2 provides for discovery in civil actions of
 information or disclosure, production and inspection of papers, books or documents material to the subject mater involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action. . . . It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Practice Book § 13-5 governs the issuance of protective orders concerning discovery. It provides:
 Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect from annoyance, embarrassment, oppression, or undue burden or expense including . . . (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters.
Order sought
A. Regarding plaintiffs deposition
The plaintiff seeks a protective order prohibiting the defendants from inquiring into the following areas at her deposition when it resumes: CT Page 14148
1) the plaintiffs sexual history;
2) the plaintiffs prior drug use;
3) the plaintiffs relationship with her psychiatrist from early 1999 through January 2001;
4) a claim that the plaintiff brought against the psychiatrist.
The defendants assert that at the time the plaintiff was prescribed Oxycontin, she was engaged in a sexual relationship with her psychiatrist and that this relationship played a part in her procurement and use of the product. The plaintiff confirms that such a relationship existed and that she settled a claim against the psychiatrist regarding his conduct in the time period at issue. These circumstances may be relevant to the issue of causation, especially to the defendants' defense that the plaintiffs experiences involving their product were caused by the conduct of the psychiatrist, which may have been motivated by factors other than the exercise of medical judgment. The defendants are entitled to inquire into the plaintiffs relationship with the psychiatrist during the time she was using Oxycontin. The precise nature of sexual encounters is not at issue, and inquiry into such details would likely proceed from an attempt to embarrass, since information other than the dates when the relationship was in effect and any tie between the relationship and the provision of prescriptions is unlikely to be germane. The motion is granted except to the limited extent indicated.
The defendants have provided no convincing reason why the plaintiffs sexual history apart from the alleged relationship with the prescriber of Oxycontin during the dates alleged in the complaint should be inquired into. The motion is granted as to such inquiry.
The plaintiff asserts that she agreed to keep confidential any information about the claim she brought and resolved against the psychiatrist. Such confidentiality agreements do not protect information from formal discovery by an adverse party. The defendants are entitled to discover that information, however, they shall keep it confidential and shall not disclose it to anyone outside the process of defending this case. The motion is granted to this extent only as to this area of inquiry.
The plaintiff has put into issue her use of drugs and the cause of the harm of which she complains. The issue of her prior drug use or misuse is relevant to issues of causation and to the defendants' claims of misuse. CT Page 14149 The motion is denied as to this area of inquiry.
B. Regarding the subpoena duces tecum
The defendants have requested the plaintiff to bring to her resumed depositions certain items: files that she (not her counsel) kept concerning the psychiatrist, her alleged addiction to prescription drug medication, or "this matter . . . including but not limited to correspondence, notes, memoranda, court documents, receipts, and/or medical records." The request explicitly excludes material protected by the attorney/client privilege. This non-privileged material is discoverable under the standard set forth above. The defendants shall keep confidential the material concerning any claim against the psychiatrist or resolution of any such claim.
The defendants have also subpoenaed "any and all journals, diaries, notes or memoranda kept by you." This request is grossly overbroad, as it is unlimited as to time and subject matter. The plaintiffs motion for protective order is granted except as to such materials created or compiled between March 1999 and March 2001 and except as to documents created or compiled at other times that set forth, concern or relate to her procurement or use of Oxycontin, the information she had concerning the medication, or her claims of harm or loss resulting from the medication.
Conclusion
The motion is granted to the extent set forth above and denied to the extent set forth above.
___________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 14150